```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

MMC PPA,                              :
VONETTA CYRUS-BARKER                  :
JONATHAN MORA-ALPIZAR, AND            :
VONETTA CYRUS-BARKER, INDIV.          :
                                      :
                                      :
v.                                    :    CIV. NO. 3:11CV1733(HBF)
                                      :
BRIDGEPORT HOSPITAL                   :
                                      :
```

## RULING ON DEFENDANT BRIDGEPORT HOSPITAL'S MOTION TO AMEND [DOC. #93]

Plaintiffs MMC ppa Vonetta Cyrus-Barker, and Jonathan Mora-Alpizar and Vonetta Cyrus-Barker, individually,[1] assert claims of medical malpractice against defendants Optimus HealthCare, Inc., Brenda Kulikowski and Bridgeport Hospital arising out of the prenatal care and delivery of Vonetta Cyrus-Barker's daughter. The United States of America was substituted for defendants Optimus Health Care, a community health center in Bridgeport, and Brenda Kulikowski, a midwife at Optimus. On September 18, 2013, the Court granted defendant United States of America's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). [Doc. #78]. Plaintiffs sought reconsideration or, in the alternative, articulation of the Court's ruling [Doc. #80], which the Court granted as to plaintiffs' request for articulation and denied as to reconsideration. [Doc. #89].

The remaining defendant in this matter, Bridgeport

---

[1] Vonetta Cyrus-Barker brings this action on behalf of her minor child, MMC, and Vonetta and Jonathan Mora-Alpizar, the child's parents, assert individual claims as well.

Hospital, now seeks to file a third party apportionment complaint against the United States pursuant to Federal Rule of Civil Procedure 14(a)(1). [Doc. #93]. The United States opposes Bridgeport Hospital's motion on the grounds that the Court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity for apportionment complaints. [Doc. #97]. Bridgeport Hospital also filed a reply memorandum. [Doc. #106]. For the reasons articulated below, the Court **DENIES** Bridgeport Hospital's motion for leave to file an apportionment complaint. [Doc. #93].

I.   **LAW APPLICABLE TO APPORTIONMENT CLAIM**

Bridgeport Hospital moves pursuant to Federal Rule of Civil Procedure 14(a) for leave to file and serve a third party apportionment complaint against the United States. Rule 14(a) provides that, "A defending party may, as third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1).

As this Court has previously stated, it is well settled that, absent consent, the United States is immune from suit, as are its agencies and its officers when the latter act in their official capacities. FDIC v. Meyer, 510 U.S. 471, 475 (1994); Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005); see also Rein v. Socialist People's Libyan Arab Jamahiriya, 162 F.3d 748,

756 n.4 (2d Cir. 1998) (noting that "[] sovereign immunity[] is an immunity from litigation and not just liability." (alterations added)). Therefore, a waiver of sovereign immunity is a jurisdictional prerequisite to a suit against the federal government or its officers.

II. **DISCUSSION**[2]

The parties focus their arguments on whether the United States has waived sovereign immunity for apportionment complaints, and therefore is immune from liability pursuant to Connecticut General Statutes section 52-102b(c). After careful consideration of the parties' arguments, and an extensive review of applicable case law construing both Connecticut Statutes section 52-102b and the Federal Tort Claims Act ("FTCA"), the Court DENIES Bridgeport Hospital's motion to amend.

Bridgeport Hospital seeks to bring the United States back into this action through the Connecticut apportionment statute, which states that,

> A defendant in any civil action to which section 52-57h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability.

Conn. Gen. Stat. §52-102b(a). The apportionment statute also provides that,

> No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-57h. If defendant claims that the negligence of

---

[2] The Court presumes familiarity with the factual background of this matter, which is set forth in its ruling on the United States' motion to dismiss. [Doc. #78, 2-4].

> any person, who was not made a party to the action, was a proximate cause of the plaintiff's injuries or damage and the plaintiff has previously settled or released the plaintiff's claims against such person, then a defendant may cause such person's liability to be apportioned by filing a notice specifically identifying such person by name and last known address and the fact that the plaintiff's claims against such person have been settled or released.

Conn. Gen. Stat. §52-102b(c). Despite the Court's efforts, scant authority exists which directly addresses the issue of the United States' sovereign immunity under §52-102b.[3]

Nevertheless, at least one Connecticut Superior Court case has addressed "the question of whether, in a negligence suit, a defendant can seek statutory apportionment against the United States and two federal employees, all of whom were previously dismissed from the case." Hurdle v. Somanath, No. X02CV03176929S, 2004 WL 1050873, at *1 (Conn. Super. Ct. Feb. 25, 2004). There, plaintiff filed a medical malpractice action against eight defendants as a result of her son's death. Two of the defendants contended that they should be deemed federal employees and removed the case to federal court. The district court granted a motion to substitute the United States as defendant, and later dismissed the case against the United States due to plaintiff's failure to exhaust administrative remedies under the FTCA. The district court then remanded the case to state court as to the remaining six private defendants. Id. Two of those private defendants filed a "notice of intent to

---

[3] Interestingly, the Court's exhaustive review of this issue did reveal a 2005 action in which Bridgeport Hospital essentially argued that the United States enjoys sovereign immunity with respect to apportionment complaints. See Cruz v. United States, Case No. 05-cv-374 (JBA), slip. op., Doc. #69 at 5-7. The Court, however, did not reach this issue in its ruling.

seek apportionment" against the two federal employees and the United States. The plaintiff moved to strike the apportionment claim(s). Hurdle, 2004 WL 1050873, at *1.

Noting that, "[a]pportionment is solely a creature of statute," the Superior Court "construe[d] the apportionment statutes strictly and recognize[d] only those alterations of the common law [providing for joint and several liability with no contribution among tortfeasors] that are clearly expressed in the statutes' language." Id. (citations omitted (alterations added)). In so doing, the Superior Court addressed section 52-572h[4], governing the liability of multiple tortfeasors for damages in negligence actions, to reject the private defendants' argument that section 52-572h permitted them to seek apportionment against the federal defendants regardless of their status as dismissed parties. In its discussion, the Superior Court noted that subsections (f) and (n) of 52-572h,

> set(s) forth two classes of persons whose negligence may be considered by the trier of fact: [] the 'parties' to the action; and 'settled or released persons,' as that term is illuminated in subsection (n). **The federal defendants do not fit into either of these classes. Instead they belong to a third class, one of persons or entities who are no longer parties because of their dismissal. The statute does not include this class of persons as potential targets of apportionment**.

Hurdle, 2004 WL 1050873, at *2 (internal citation omitted; emphasis and alterations added). The Superior Court then concluded that,

---

[4] This section is specifically cited by the Connecticut apportionment statute Bridgeport Hospital seeks to invoke. See Conn. Gen. Stat. §52-102b(a) ("A defendant in any civil action to which section 52-572h applies[…]" (alterations added)).

> This omission was apparently no oversight. On the contrary, in § 52-102b(c), the legislature specifically provided that, "[n]o person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h." **Because many immune persons brought into lawsuits will normally obtain relief by way of a motion to dismiss, it seems clear that the legislature did not seek to have parties that were dismissed from lawsuits brought back in by way of apportionment complaints, notices, or verdicts. Thus, there is no statutory authority for the defendants' apportionment claims**.

Hurdle, 2004 WL 1050873, at *2 (emphasis added). The Superior Court then addressed plaintiff's argument that the federal defendants are immune from liability, and therefore exempt from apportionment under 52-102b(c). Id. at 3. Although the court's discussion is not entirely relevant to the issues for this Court's determination, it is worth noting the Superior Court's statement that, "it makes no sense to bar the addition of apportionment parties based on a simultaneous finding of immunity, but to allow apportionment against parties that have already obtained a judicial determination of immunity **or dismissal from suit**." Id. (emphasis added).

The Court is persuaded by the sound reasoning of the Hurdle court's ruling that the Connecticut legislature did not seek to have parties that were dismissed from lawsuits brought back in by way of apportionment complaints. The facts and procedural history of Hurdle are more analogous to that at issue here than the cases otherwise cited by Bridgeport Hospital which, on their face, do not indicate that the United States was dismissed as a party to the action prior to a third party-plaintiff seeking to apportion the United States back into the case.

For example, in DeGrenier v. Joly, plaintiff sued a property owner for a slip and fall on a stairway outside of a United States Post Office. No. Civ.A. 301CV1012CFD, 2002 WL 31106386, at *1 (D. Conn. Aug. 9, 2002). The property owner then filed a third party apportionment complaint against the United States, which the United States sought to dismiss both on the grounds of sovereign immunity and the property owner's failure to exhaust administrative remedies. Id. Judge Droney denied the United States' motion to dismiss, but did not address the sovereign immunity argument. Regardless, and relevant to the analysis here, the Joley plaintiff did exhaust her administrative remedies against the United States, and at the time of Judge Droney's ruling, the United States sought to consolidate the apportionment action and plaintiff's direct suit against it. Id. *1-2, n. 2-3.

Similarly, in Montanez ex rel. Rosario v. Hartford Healthcare Corp., No. 3:03CV1202(GLG), 2003 WL 22389355, at *1 (D. Conn. Oct. 17, 2003), a federally subsidized medical clinic moved to substitute the United States in its place as the apportionment defendant and also to dismiss the complaint for lack of subject matter jurisdiction on the basis that it was not timely served under the Connecticut apportionment statute or, alternatively, was immune from suit. Again, the Court denied the motion to dismiss but limited its analysis to the timeliness of the action and whether the third-party plaintiff was required to exhaust administrative remedies. Id. at *3-6. Again, and

important to the Court's analysis here, in Montanez, plaintiffs did not directly sue the federal health clinic; rather it was brought into the suit by other defendants "as an apportionment-defendant for the limited purpose of reducing plaintiffs' recovery, if any, [from the other defendants]." Montanez, 2003 WL 22389355, at *1. Accordingly, because Joley and Montanez do not implicate the dismissal of the United States from an action, and then an attempt to apportion it back into the lawsuit, the Court finds these cases distinguishable from the issue before the Court. Therefore, based on the sound reasoning of Hurdle, and the circumstances of this case, the Court finds no statutory authority for Bridgeport Hospital's apportionment claim against the United States.[5]

Because the Court finds no statutory authority for Bridgeport Hospital's apportionment claim based on the United States dismissal from this action, it need not reach the issue of sovereign immunity.[6]

---

[5] Bridgeport Hospital also argues that it can assert a claim for equitable apportionment even if the apportionment statute is unavailable. However, the Court finds that invoking equitable apportionment would defeat the intent of the legislature to prevent dismissed parties from being brought back into litigation by way of apportionment complaints.

[6] Nevertheless, the Court notes two recent district court cases, which suggest in dicta, that apportionment claims are cognizable under the FTCA. In W. Holding Co., Inc. v. AIG Ins. Co., Civil No. 11-2271 (GAG), 2014 WL 3592082, at *2 (D. Puerto Rico July 21, 2014), the court states that apportionment claims are cognizable under the FTCA, and cites to various First Circuit cases in support of this statement. Similarly, in Cabales v. Morgan, No. 3:14-CV-00161-JWS, 2015 WL 999100, at *4 (D. Alaska March 6, 2015), the court notes that it previously rejected an argument that the court did not have subject matter jurisdiction over an apportionment complaint against the United States, without further elaborating the court's rationale. This authority is not binding upon the Court and is not persuasive as the procedural and factual background of these cases are distinguishable from the present case much like that of Joley and Montanez.

### III. **CONCLUSION**

For the reasons stated, Bridgeport Hospital's motion to amend [Doc. #93] is **DENIED**.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. #49] on October 4, 2012 with appeal to the Court of Appeals.

SO ORDERED at Bridgeport this 27th day of March 2015

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE