```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------x
                               :
MMC PPA,                       :    Civ. No. 3:11CV1733(SALM)
VONETTA CYRUS-BARKER AND       :
JONATHAN MORA-APLIZAR; AND     :
VONETTA CYRUS-BARKER, INDIV.   :
                               :
v.                             :
                               :
BRIDGEPORT HOSPITAL            :    DATE: August 5, 2015
                               :
-------------------------------x
```

### RULING ON UNITED STATES' MOTION FOR LEAVE TO FILE SUR-REPLY [DOC. #132]

Pending before the Court is a motion by limited intervenor United States of America for leave to file a sur-reply memorandum. [Doc. #132]. Bridgeport Hospital objects to this motion. [Doc. #133]. For the reasons stated below, the Court GRANTS the United States' motion for leave to file a sur-reply memorandum.

### 1. Background

The Court presumes familiarity with the factual background of this matter which is set forth at length in Judge Holly B. Fitzsimmons' ruling on the United States' motion to dismiss.[1] [Doc. #78, at 2-4]. However, to further inform the ruling that follows, the Court will briefly address the procedural background leading to the present motion.

---

[1] On April 7, 2015, this matter was transferred to the undersigned for all further proceedings in light of Judge Fitzsimmons' retirement. [Doc. #108].

1

Plaintiffs MMC ppa Vonetta Cyrus-Barker, and Jonathan Mora-Alpizar and Vonetta Cyrus-Barker, individually,[2] brought this action asserting claims of medical malpractice against defendants Optimus HealthCare, Inc., Brenda Kulikowski and Bridgeport Hospital arising out of the prenatal care and delivery of Vonetta Cyrus-Barker's daughter. The United States of America was substituted for defendants Optimus Health Care, a community health center in Bridgeport, and Brenda Kulikowski, a midwife at Optimus.  On September 18, 2013, Judge Fitzsimmons granted then defendant United States of America's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). [Doc. #78].  The remaining defendant in this matter, Bridgeport Hospital, then sought to file a third party apportionment complaint against the United States pursuant to Federal Rule of Civil Procedure 14(a)(1) [Doc. #93], which Judge Fitzsimmons denied on March 27, 2015 [Doc. #107].

On April 29, 2015, Bridgeport Hospital filed a motion for leave to file a third party complaint against the United States, alleging causes of action for contribution and indemnification. [Doc. #115]. With the Court's permission, the United States intervened in this matter for the limited purpose of opposing the motion for leave [Doc. ##117, 119], and filed its memorandum in opposition on June 29, 2015 [Doc. #121]. Bridgeport Hospital filed

---

[2] Vonetta Cyrus-Barker brings this action on behalf of her minor child, MMC, and Vonetta and Jonathan Mora-Alpizar, the child's parents, also assert individual claims.

2

a reply brief [Doc. #130], to which the United States now seeks leave to sur-reply [Doc. #132].

## 2. **Discussion**

In its motion for leave to file a sur-reply, the United States submits that it seeks to respond to a new argument raised in Bridgeport Hospital's reply; namely, that the Court should grant the pending motion for leave to file a third party complaint based upon Bridgeport Hospital's interpretation of Connecticut General Statutes ("C.G.S.") section 52-572h(c). The United States further submits that Bridgeport Hospital takes the position that, "Conn. Gen. Stat. §52-572h(c) operates to impose potential liability upon it for the allegedly negligent acts of the United States." [Doc. #132, at p. 2]. Bridgeport Hospital responds that it made the **opposite** argument in reply and in fact stated that this statute does not apply. [Doc. ##130, 133]. Accordingly, because there is no disagreement on this point, Bridgeport Hospital urges the Court to deny the United States' motion and disregard the proposed sur-reply in its entirety.

Although in its reply brief Bridgeport Hospital does in fact state that C.G.S. §52-572h(c) does not apply to the issues under consideration, the reply's "Preliminary Statement," which addresses C.G.S. §52-572h(c), essentially presents a position concerning the fairness of this statutory scheme to Bridgeport Hospital's current circumstances. A fair reading of the preliminary statement lends itself to an implied argument further supporting why the Court

should grant Bridgeport Hospital's motion for leave to amend; that is, if the motion is not granted, in light of this statutory scheme, Bridgeport Hospital will be left in the unenviable position of facing liability for the totality of plaintiff's injuries. Although not couched as an argument per se, it nevertheless serves a persuasive point, to which the United States should be provided an opportunity to respond. See, e.g., Guadagni v. New York City Transit Auth., 387 F. App'x 124, 125-26 (2d Cir. 2010) (noting our Circuit's holding that, "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." (quoting Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G., 215 F.3d 219, 226-27 (2d Cir. 2000))).

Therefore, the United States' motion for leave to file a sur-reply is GRANTED. The United States will file its sur-reply forthwith. To the extent that Bridgeport Hospital wishes to respond to the C.G.S. §52-572h(c) argument(s) raised in the sur-reply, it may do so within seven (7) days of this ruling.

This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [Doc. #49] on October 4, 2012, with appeal to the Court of Appeals.

SO ORDERED at New Haven this 5th day of August, 2015

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE