## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
MMC PPA,                      :  Civ. No. 3:11CV01733(SALM)
VONETTA CYRUS-BARKER AND      :
JONATHAN MORA-APLIZAR; AND    :
VONETTA CYRUS-BARKER, INDIV.  :
                              :
v.                            :
                              :
BRIDGEPORT HOSPITAL           :  September 2, 2015
                              :
------------------------------x
```

## RULING ON BRIDGEPORT HOSPITAL'S MOTION FOR LEAVE TO SERVE THIRD-PARTY COMPLAINT [DOC. #115] AND PLAINTIFFS' MOTION TO REMAND TO STATE COURT [DOC. #111]

Pending before the Court is a motion by defendant Bridgeport Hospital for leave to file and serve a third-party complaint against the United States of America ("United States"). [Doc. #115]. Limited intervenor United States opposes this motion.[1] [Doc. #121]. Also pending before the Court is plaintiffs' motion to remand to state court [Doc. #111], to which Bridgeport Hospital has objected [Doc. #118]. For the reasons stated below, the Court **DENIES** Bridgeport Hospital's motion for leave to file and serve a third-party complaint [Doc. #115], and **GRANTS** plaintiff's motion to remand to state court [Doc. #111].

---

[1] Plaintiffs have no objection to the motion for leave. [Doc. #116].

1

I.    **Background**

Vonetta Cyrus-Barker (hereinafter "Cyrus-Barker") received prenatal care at Optimus Health Care ("Optimus") from October 29, 2008, through May 28, 2009. On May 30, 2009, after approximately 12 hours of labor, Cyrus-Barker delivered her baby at Bridgeport Hospital. At birth, the baby weighed 10 pounds, 7 ounces. During the delivery, the baby's shoulder became stuck behind the pubic bone, a condition referred to as shoulder dystocia. The baby suffered permanent injury to her right arm. Cyrus-Barker and her daughter were discharged from the hospital on June 2, 2009.

Following a preliminary investigation, on December 15, 2010, plaintiffs' attorneys served two SF-95 forms[2] on Optimus, the community health center. On August 19, 2011, plaintiffs' counsel forwarded copies of the SF-95 claim forms to the Department of Health and Human Services. Plaintiffs' administrative claims were denied and plaintiffs filed a case against the defendants in state court, which was removed to this Court on November 9, 2011.

---

[2] An SF-95 form is a General Services Administration form used to make a claim against a federal agency under the Federal Tort Claims Act for damage, injury or death.

Plaintiffs MMC ppa Cyrus-Barker, and Jonathan Mora-Alpizar and Cyrus-Barker, individually,[3] brought this action asserting claims of medical malpractice against defendants Optimus, Brenda Kulikowski and Bridgeport Hospital arising out of the prenatal care and delivery of Cyrus-Barker's daughter. The United States was substituted for defendants Optimus, a community health center in Bridgeport, and Brenda Kulikowski, a midwife at Optimus. [Doc. #39].

Then-defendant United States moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that the Court lacked jurisdiction because plaintiffs failed to file their administrative claim with the appropriate federal agency within the two year statute of limitations as required by the Federal Torts Claims Act. [Doc. #66]. On September 18, 2013, Judge Holly B. Fitzsimmons granted the United States' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). [Doc. #78]. The remaining defendant in this matter, Bridgeport Hospital, then sought to file a third party apportionment complaint against the United States [Doc. #93], which Judge Fitzsimmons denied on March 27, 2015 [Doc. #107].

---

[3] Cyrus-Barker brings this action on behalf of her minor child, MMC, and Cyrus-Barker and Jonathan Mora-Alpizar, the child's parents, also assert individual claims.

On April 29, 2015, Bridgeport Hospital filed a motion for leave to file a third-party complaint against the United States, alleging causes of action for contribution and indemnification arising under Connecticut law ("motion for leave"). [Doc. #115]. With the Court's permission, the United States intervened in this matter for the limited purpose of opposing the motion for leave [Doc. ##117, 119], and filed its memorandum in opposition on June 29, 2015 [Doc. #121]. Bridgeport Hospital filed a reply brief [Doc. #130], to which the United States filed a sur-reply with the Court's permission [Doc. #135].

On April 14, 2015, plaintiffs filed a motion seeking to remand this matter to state court, arguing that "the sole basis for federal jurisdiction ha[d] been eliminated[,]" in light of Judge Fitzsimmons' rulings granting the motion to dismiss and denying the motion for leave to file an apportionment complaint. [Doc. #111 at 1]. Bridgeport Hospital opposes remand, and requested that the Court defer ruling on the motion to remand until after disposing of the motion for leave. [Doc. #118].

The Court heard oral argument on the pending motions on August 26, 2015.

## II.  **APPLICABLE LAW**

### A. **As to Motion for Leave**

Bridgeport Hospital moves pursuant to Federal Rule of Civil Procedure 14(a)(1) for leave to file and serve a third-party

complaint sounding in contribution and indemnification against the United States. Rule 14(a) provides: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1).

An impleader claim may be asserted when either "the third party's liability ... is ... dependent upon the outcome of the main claim[,]" or, "the third party [is] potentially secondarily liable as a contributor to the defendant." Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984) (citation and footnote omitted). "The decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion[.]" Id. (citation omitted).

**B. As to Motion for Remand**

A judge of this District recently summarized the law applicable to motions for remand:

> It is well-established that, "out of respect for the limited jurisdiction of the federal courts and the rights of states," federal courts must construe strictly statutory procedures for removal, resolving any doubts against removability. In re Methyl Tertiary Butyl Ether ("MTBE") Prod[s.] Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007). After a case is removed from a state court, "[i]f at any time before final judgment it appears that the district court lacks subject

5

matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). Where such jurisdiction is lacking, this Court "must remand a case to state court." <u>Vera v. Saks & Co.</u>, 335 F.3d 109, 113 (2d Cir. 2003). When a party challenges removal, "the party asserting jurisdiction bears the burden of proving that the case is properly in federal court" and "must support [challenged] jurisdictional facts with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'" <u>United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.</u>, 30 F.3d 298, 301, 305 (2d Cir. 1994) (quoting <u>McNutt v. Gen. Motors Acceptance Corp. of Indiana</u>, 298 U.S. 178, 189 (1936)).

<u>553 Broad St. LLC v. City of Meriden</u>, No. 3:14CV00896(VAB), 2015 WL 1445290, at *1 (D. Conn. Mar. 30, 2015).

## III. <u>DISCUSSION</u>

### A. Motion for Leave to File Third-Party Complaint

Bridgeport Hospital generally argues that the Court should grant its motion for leave because it meets the requirements of Rule 14(a), sovereign immunity does not apply to the claims asserted in the proposed third-party complaint, and no prejudice will result if the Court grants the motion. [Doc. #115-1]. The United States opposes the motion for leave on the grounds that Bridgeport Hospital has failed to establish that the United States has waived its sovereign immunity, and that the proposed third-party complaint fails to state a cause of action for contribution and indemnification. [Doc. #121].

As an initial matter, the Court finds that the proposed complaint meets the requirements of Rule 14(a) as it alleges

causes of action which have been traditionally recognized as proper grounds for a third-party complaint. See Kyser v. Connecticut S. R.R., No. 13CV00086(CSH), 2013 WL 3354425, at *6 (D. Conn. July 3, 2013) ("Generally, the traditional grounds for a third party-action are indemnification, contribution, or subrogation." (citing Doucette v. Vibe Records, Inc., 233 F.R.D. 117, 120 (E.D.N.Y. 2005))). Accordingly, the Court next turns to the remaining substantive arguments.

### 1. Sovereign Immunity

Bridgeport Hospital, relying on the plain language of the Federal Tort Claims Act ("FTCA"), argues that the proposed third-party claims are exempt from the notice requirements of the FTCA. In response, the government argues that "Bridgeport Hospital has failed to identify how the FTCA's limited waiver of immunity includes a claim for contribution where the United States has already been deemed immune from suit with respect to the Plaintiffs' claims" and that "Bridgeport Hospital has again failed to show that this Court has subject matter jurisdiction over the proposed claims against the United States and that the United States has waived its sovereign immunity with respect to those indemnity claims." [Doc. #121 at 4, 7]. Notably, the government does not provide any legal authority in support of this position.

It is well settled that, absent consent, the United States is immune from suit, as are its agencies and its officers when the latter act in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475 (1994); Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005); see also Rein v. Socialist People's Libyan Arab Jamahiriya, 162 F.3d 748, 756 n.4 (2d Cir. 1998) ("[S]overeign immunity[] is an immunity from litigation and not just liability." (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985))). Therefore, a waiver of sovereign immunity is a jurisdictional prerequisite to a suit against the federal government or its officers.

Providing a limited waiver of sovereign immunity, the FTCA affords the sole remedy, in the form of a suit against the United States, for a "personal injury ... arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. §2679(b)(1). The FTCA requires, as a jurisdictional prerequisite, exhaustion of administrative remedies with the "appropriate Federal agency" before filing suit. See 28 U.S.C. §2675(a). However, 28 U.S.C. §2675(a) specifically states: "The provisions of this subsection [regarding exhaustion of administrative remedies] shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint[.]"

8

Despite the United States' argument to the contrary, the Court finds that Bridgeport Hospital's proposed third-party complaint falls squarely within the exception provided by 28 U.S.C. §2675(a). Here, because Bridgeport Hospital seeks to assert a third-party complaint against the United States, it follows by the plain language of 28 U.S.C. §2675(a) that the administrative exhaustion requirements otherwise applicable to FTCA claims are not applicable here. Indeed, other courts facing this question have come to a similar conclusion. See, e.g., Thompson v. Wheeler, 898 F.2d 406, 410 (3d Cir. 1990) (holding that "failure to file an administrative claim as ordinarily required by 28 U.S.C. §2675(a) is not a bar to the third party complaint"); Mussari v. Borough, No. 3:07CV948, 2007 WL 3231800, at *3 (M.D. Pa. Oct. 31, 2007) ("Federal courts have agreed that the exhaustion requirement need not be met for third-party defendants." (citing Thompson, 898 F.2d at 410)); Gregg v. United States, No. 3:08CV144, 2009 WL 1296376, at *1 (N.D.W. Va. May 7, 2009)("According to the clear statutory language [of 28 U.S.C. §2675(a)], City Hospital was not required to present an administrative claim to the United States before asserting a cross-claim or third party complaint."); Boada v. Autoridad de Carreteras y Transportacion, 680 F. Supp. 2d 382, 385 (D.P.R. 2010) ("[T]hird-party actions under [Rule] 14 seeking indemnity

or contribution from the United States are not subject to administrative exhaustion." (citations omitted)).

Moreover, under circumstances remarkably similar to those here, the court in Zanghi v. Sisters of Charity Hospital of Buffalo, No. 12CV765S, 2013 WL 706241 (W.D.N.Y. Feb. 26, 2013), denied a motion to dismiss a third-party complaint against the United States for lack of jurisdiction. There, plaintiffs brought an action on behalf of the estate of their minor son in state court against various defendants involved in his birth and care. Zhanghi, 2013 WL 706241, at *1. While the matter was pending in state court, the Sisters Hospital defendants answered and asserted a cross-claim against the Northwest defendants. Id. The Northwest defendants, however, were federal employees under the FTCA and, as such, removed the action to federal court with a request that the Court substitute the United States in their stead as the proper party. Id. Simultaneously, the United States moved to dismiss all claims, including the cross-claim, for lack of subject matter jurisdiction. Id. Plaintiffs conceded that they had failed to exhaust their administrative remedies and did not oppose the United States' motion to dismiss their claims. Id. As a result, the Court granted the United States' motion to dismiss as to the original plaintiffs. Id.

With respect to the cross-claim, the Sisters Hospital defendants sought to convert their cross-claim into a third-

party claim in anticipation that the court would dismiss the plaintiffs' claims against the United States. <u>Zhanghi</u>, 2013 WL 706241, at *1. The United States argued that the Court lacked subject matter jurisdiction over the cross-claim and further argued that the doctrine of derivative jurisdiction required dismissal. <u>Id.</u> The court rejected both arguments.

As to subject matter jurisdiction, the court found that the administrative exhaustion requirement of 28 U.S.C. §2675(a) does not apply to cross-claims. <u>Id.</u> at *2. After rejecting several of the government's arguments in favor of dismissal, including that asserted under the doctrine of derivative jurisdiction, the court turned its attention to the viability of the converted third-party claim against the United States. <u>Id.</u> at *2-3. The court focused on the statute under which the United States removed the action, 42 U.S.C. §233(c), and noted that this statute

> is similar to 28 U.S.C. § 1442(a)(1), which authorizes removal from state court by "[t]he United States or any agency thereof or any officer ... sued in an official or individual capacity[.]" Like Section 1442(a)(1), Section 233(c) authorizes removal when a federal officer, employee, or entity has been sued in state court. And both sections are "intended to protect federal interests by providing federal officials a federal tribunal in which to litigate matters concerning acts committed in their federal capacity." <u>See</u> <u>In re Methyl Tertiary Butyl Ether ("MTBE") Prod[s.] Liab[.] Litig[.]</u>, 341 F. Supp. 2d 351 (S.D.N.Y. 2004) (quoting <u>Reese v. S. Florida Water Mgmt. Dist.</u>, 853 F. Supp. 413, 414 (S.D. Fla. 1994)). Significantly, federal officers are entitled to remove

an entire case under Section 1442 even if sued only as third-party defendants.

Zanghi, 2013 WL 706241, at *3. Accordingly, the court found that "if federal courts have jurisdiction over claims removed by federal officers as third parties, they also have jurisdiction over cases, like this one, where a third-party claim against the United States remains after the United States has been dismissed from the original complaint." Id.

The present action was removed under 28 U.S.C. §§1442(a)(1) and 2679(d)(2), as well as 42 U.S.C. §233(c). [Doc. #1]. If the administrative exhaustion requirement of 28 U.S.C. §2675(a) does not apply to cross-claims, as found by the Zhangi court, it further confirms this Court's conclusion that it also does not apply to third-party claims. Therefore, where this matter was also removed under Section 233(c), and where the United States was not made a party until after removal [Doc. #39], the Court finds subject matter jurisdiction proper in light of the holding and rationale in Zhanghi. See also id. at *3 (finding doctrine of derivative jurisdiction inapplicable to the matter where "the United States was not yet a party when this action was in state court[,]" and where "the United States did not move for substitution until it removed the case to this Court.").

Accordingly, the Court finds that it has subject matter jurisdiction over Bridgeport Hospital's proposed third-party

complaint. The Court's inquiry, however, does not end there in light of the United States' remaining arguments that the proposed third-party complaint fails to state a claim upon which relief may be granted.[4]

### 2. Contribution

Bridgeport Hospital's proposed third-party complaint alleges a cause of action for contribution. The United States argues that there is no cause of action for contribution under Connecticut law, to which the FTCA requires this Court to look. See Liranzo v. United States, 690 F.3d 78, 86 (2d Cir. 2012) (citing FDIC, 510 U.S. at 478). At the August 26, 2015, hearing, Bridgeport Hospital abandoned its contribution claim. Accordingly, the Court DENIES as moot, and without prejudice,

---

[4] Essentially, the United States argues that because the proposed third-party complaint fails to state a claim upon which relief may be granted, it is futile. "In order to conclude that a proposed amendment is futile, the Court is required to find that a claim could not withstand a motion to dismiss." Gouveia v. Sig Simonazzi N. America, Inc., No. 3:03CV00597(MRK), 2005 WL 544707, at *2 (D. Conn. Mar. 1, 2005) (compiling cases). When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994) (quoting Ad-Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College, 835 F.2d 980, 982 (2d Cir. 1987)).

Bridgeport Hospital's motion for leave as to its contribution claim.[5]

### 3. *Indemnification*

Bridgeport Hospital's proposed third-party complaint also asserts a cause of action for indemnification against the United States. The United States argues that the statutory preconditions under Connecticut law have not been met. In reply, Bridgeport Hospital submits that an indemnification claim may be brought during the pendency of plaintiffs' claims.

---

[5] The plain language of the statute upon which Bridgeport Hospital relies in bringing the proposed contribution claim, Connecticut General Statutes section 52-572h, suggests that at the present time, Bridgeport Hospital cannot maintain a claim for contribution against the United States. See Conn. Gen. Stat. §52-572h(1) (West 2015)("A right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment. The total recovery by a party seeking contribution shall be limited to the amount paid by such party in excess of such party's proportionate share of such judgment."). The Connecticut Supreme Court has also stated: "The right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation." Crotta v. Home Depot Inc., 732 A.2d 767, 771 (Conn. 1999) (emphasis modified)(compiling cases). Other federal courts have also concluded that "a claim for contribution [under the FTCA] does not accrue until the claimant has paid, or been held liable for, more than his or her share of a common liability." Sea-Land Serv., Inc. v. United States, 574 F.2d 169, 173 (3d Cir. 1989)(compiling cases). Here, Bridgeport Hospital has not yet been found liable to plaintiffs, and in that regard, has not been compelled to pay more than its proportionate share of a judgment. Accordingly, the Court finds that any alleged claim for contribution is premature and would not be properly brought by way of the proposed third-party complaint.

The Connecticut Supreme Court has described the difference between an action for contribution and an action for indemnification:

> In an action for indemnity, as distinguished from an action for contribution, one tortfeasor seeks to impose total liability upon another [tortfeasor]. The doctrines of indemnification and contribution are based on fundamentally different principles. "[I]ndemnity involves a claim for reimbursement in full from one on whom a <u>primary liability</u> is claimed to rest, while contribution involves a claim for reimbursement of a share of payment necessarily made by the claimant which equitably should have been paid in part by others."

<u>Crotta v. Home Depot Inc.</u>, 732 A.2d 767, 772 (Conn. 1999) (emphasis altered) (citation omitted). Connecticut General Statutes section 52-572h(j) provides that it "shall not impair any right to indemnity under existing law." Section 52-598a further provides that "[n]otwithstanding any provision of this chapter, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement." Conn. Gen. Stat. §52-598a (West 2015).

Turning first to whether the indemnification claim is premature, the Court finds that under Connecticut law, Bridgeport Hospital need not wait until plaintiffs fully litigate their claims before it may bring an indemnification action. Neither the plain language of the indemnification statute implicated, section 52-598a, <u>supra</u>, nor the cases

interpreting it, require such a result. Accord Williams v. Hous. Auth., No. CV106014962S, 2013 WL 4046634, at *6 (Conn. Super. Ct. July 19, 2013) ("Simply put, the language of § 52-[5]98a merely delineates the time limit before which a party must bring a claim for indemnification. The purpose of the language relating to judgment and settlement is to set forth when the three-year statute of limitations begins to run, not to mandate prerequisites to the filing of indemnity suits."). The Connecticut legislature's intent in enacting section 52-598a further supports this finding:

> The intent of General Statutes §52-598a was not to bar a party from impleading a potentially liable defendant into the original action when it inserted the 'judgment or settlement' language. In fact, the legislature specifically recognized that in most instances an indemnification action would run simultaneously with the underlying claim. Encouraging simultaneous trials, it also recognized that bifurcated trials under §52-598a would waste judicial time and resources. Thus, the enactment of §52-598a was intended to preserve the judiciary's limited time and resources consistent with the purposes of General Statutes §52-102a.

Thyberg v. Bonneville, No. CV980580561, 1999 WL 639863, at *6 (Conn. Super. Ct. July 30, 1999) (internal citations omitted); see also 36 H.R. Proc., Pt. 31, 1993 Sess., pp. 11013, 11016-17, 11022-23 (Conn. 1993) (transcript of Connecticut House of Representatives proceedings discussing the enactment of section 52-598a). Accordingly, the Court does not find that the indemnification claim is premature.

16

The United States, however, raises a second argument in opposition to the indemnification claim; namely that because Bridgeport Hospital is not a "passive" tortfeasor, it cannot maintain an indemnification claim against Bridgeport Hospital. Bridgeport Hospital does not offer a reply to these arguments, but instead focuses its efforts on addressing the timing of the claim. At the hearing, Bridgeport Hospital argued that the merits of the indemnification claim are better left for the summary judgment stage of proceedings.

"Ordinarily, there is no right of indemnity or contribution between joint tort-feasors[.]" Skuzinski v. Bouchard Fuels, Inc., 694 A.2d 788, 790 (Conn. 1997) (compiling cases). However, "to balance the problems created by this rule, [Connecticut courts have] carved out an exception that allows a passive tortfeasor to receive indemnification from an active, primary tortfeasor." Thyberg, 1999 WL 639863, at *2 (citing Johnson v. Mortenson, 147 A. 705, 708-09 (Conn. 1929)).

> [T]he impact of liability may be shifted from mere passive tortfeasors to active wrongdoers where a defendant can show that: "(1) the party against whom indemnification is sought was negligent; (2) that party's active negligence, rather than the defendant's own passive negligence, was the direct, immediate cause of the accident and injuries; (3) the other party was in control of the situation to the exclusion of the defendant seeking reimbursement; and (4) the defendant did not know of the other party's negligence, had no reason to anticipate it, and reasonably could rely on the other party not to be

negligent." <u>Smith v. City of New Haven</u>, 258 Conn. 56, 66, 779 A.2d 104, 110 (2001).

<u>Pennsylvania Mfrs. Indem. Co. v. Cintas Fire Prot. & Fire Sys. of Springfield, CT</u>, No. 3:11CV00650(VLB), 2012 WL 3779140, at *4 (D. Conn. Aug. 30, 2012). "To determine the legal sufficiency of the third-party claim, the court must evaluate it against the background of the complaint." <u>Conn. Gen. Life Ins. Co. v. SVA, Inc.</u>, 743 F. Supp. 107, 111 (D. Conn. 1990) (citing <u>Cimino v. Yale Univ.</u>, 638 F. Supp. 952, 958 (D. Conn. 1986)). Therefore, "it is the grounds alleged in the original complaint that will be the basis for holding [Bridgeport Hospital] liable to the [p]laintiff[s] in the first instance." <u>Cintas Fire</u>, 2012 WL 3779140, at *5 (citing <u>Cimino</u>, 638 F. Supp. at 958 ("The cross-claim must be construed against the background of the complaint, for it is only if the plaintiffs prevail ... that [the defendant] would have any basis for seeking indemnity.")).

The United States claims that "[p]laintiffs' allegations make it clear that Bridgeport Hospital's negligence (assuming it can be proven), is in no way passive." [Doc. #121 at 8]. The United States further argues that a fair reading of plaintiffs' complaint does not establish that the United States "was in control of the situation to the exclusion of Bridgeport Hospital." <u>Id.</u> at 9. With respect to their causes of action

against Bridgeport Hospital, plaintiffs' complaint alleges, in

pertinent part:

> 6. The said injuries were caused by the failure of the
> defendant, BRIDGEPORT HOSPITAL and its servants,
> agents, apparent agents and/or employees to exercise
> reasonable care under all of the facts and
> circumstances then and there present in that they:
>
> a. failed to adequately and properly care for, treat,
>    diagnose, monitor and supervise, [MMC] then in
>    utero, and VONETTA CYRUS-BARKER, for pregnancy,
>    labor, delivery and post delivery care;
> b. failed to recognize and identify that VONETTA CYRUS-
>    BARKER was at increased risk for delivering a baby
>    with cephalopelvic disproportion;
> c. failed to recognize that [MMC] was at increased risk
>    for cephalopelvic disproportion;
> d. failed to anticipate or prepare for a difficult
>    delivery due to macrosomia;
> e. failed to complete the general admission
>    information;
> f. failed to obtain the prenatal record prior to
>    delivery;
> g. failed to review prenatal record prior to delivery;
> h. failed to address the significant errors in
>    documentation (inaccurate weight gain during
>    pregnancy, previous macrosomia not recorded on
>    history and inaccurate weight of first baby);
> i. failed to perform an ultrasound;
> j. failed to recognize that VONETTA CYRUS-BARKER was at
>    risk for a delivery complicated by macrosomia;
> k. failed to recognize that [MMC] was at risk for
>    shoulder dystocia;
> l. failed to properly consider VONETTA CYRUS-BARKER'S
>    medical history;
> m. failed to identify the inaccuracy of the delivery
>    summary, as to the description of the delivery;
> n. failed to discuss options for delivery and risks and
>    benefits of a cesarean section versus a vaginal
>    birth;
> o. failed to adequately and properly assess VONETTA
>    CYRUS-BARKER'S ability to deliver vaginally;
> p. failed to make safe treatment choices for the
>    delivery of [MMC];
> q. failed to safely deliver [MMC];

r. failed to timely diagnose and treat the shoulder dystocia;

s. failed to properly use acceptable delivery maneuvers;

t. employed dangerous and improperly delivery maneuvers;

u. applied excessive traction, pressure and/or torsion to [MMC] during delivery;

v. failed to perform a cesarean section;

w. failed to properly supervise delivery room personnel;

x. failed to utilize the shoulder dystocia drill;

y. failed to have personnel experienced with shoulder dystocia in the delivery room;

z. failed to document the management of labor and delivery;

aa. failed to provide physicians and surgeons who possessed the requisite knowledge, skill and experience to adequately and properly care for, treat, diagnose, monitor and supervise [MMC] in utero, and VONETTA CYRUS-BARKER during pregnancy, labor and post delivery care;

bb. failed to promulgate and/or enforce rules, regulations, standards and protocols for the treatment of patients such as [MMC] then in utero, and, VONETTA CYRUS-BARKER[.]

[Doc. #1-2 at 13-14 (alterations added)].

Here, the allegations in plaintiffs' complaint assert that Bridgeport Hospital was an active tortfeasor. The allegations which particularly support this conclusion include those that Bridgeport Hospital: "failed to complete the general admission information;" "failed to safely deliver [MMC];" "failed to properly use acceptable delivery maneuvers;" "employed dangerous and improper delivery maneuvers;" and "applied excessive traction, pressure and/or torsion to [MMC] during delivery[.]" Id. Plaintiffs' allegations implicate Bridgeport Hospital as an

active tortfeasor separate and apart from any alleged negligence which occurred at the hands of the United States during Cyrus-Barker's pre-natal care. Accordingly, Bridgeport Hospital cannot maintain a cause of action against the United States for indemnification because "the rationale for allowing indemnification, i.e., that the passive tortfeasor 'is chargeable merely with constructive fault' does not apply, or 'is negatived [sic], wherever it appears that the party seeking indemnity was himself guilty of affirmative misconduct which was a proximate cause of the injury in question.'" Gregoire v. Michaud Enter. LLC, No. HHCVB075011658, 2010 WL 4885123, at *4 (Conn. Super. Ct. Nov. 3, 2010) (emphasis added) (quoting Preferred Accident Ins. Co. v. Musante, Berman & Steinberg Co., 52 A.2d 862, 865 (Conn. 1947)). Here, the allegations of plaintiffs' complaint assert that Bridgeport Hospital was "guilty of affirmative misconduct which was a proximate cause of the injury in question." Id.

Further, although "the question of exclusive control is ordinarily a question of fact to be determined by a jury, some circumstances may nonetheless 'give rise to the question of whether, in light of the facts alleged in the third party complaint, any reasonable juror could find that the third party defendants had exclusive control of the situation,' transforming the matter into a question of law." Cintas Fire, 2012 WL

3779140, at *5 (citations omitted). Plaintiffs' allegations
against Bridgeport Hospital arise from the labor and delivery of
MMC. Bridgeport Hospital, however, appears to seek
indemnification for the United States' allegedly negligent
prenatal care. The United States correctly notes that Bridgeport
Hospital is not alleged to have participated in or negligently
handled the prenatal care. Further, there does not appear to be
any dispute that the United States (i.e., any Optimus employees)
was not involved in any aspect of the labor and delivery.
Therefore, even if "the situation" arose from the negligent
prenatal care provided by the United States, the United States
indisputably did not have exclusive control over the labor and
delivery as MMC was delivered at Bridgeport Hospital without the
presence or involvement of any Optimus employees. See Cintas
Fire, 2012 WL 3779140, at *6 ("[E]ven if the dangerous condition
arose from a negligent installation of the pipes performed by
[the third-party defendant], [the third-party defendant]
indisputably did not have exclusive control over the sprinkler
system as [third-party plaintiff] had been servicing the
sprinkler system under its maintenance contract with PMI for
nearly a decade before performing the 'trip' test in question."
(citation omitted)).[6] Accordingly, Bridgeport Hospital "has not

---

[6] At the hearing, Bridgeport Hospital argued that the United
States negligently failed to transmit Cyrus-Barker's prenatal

and cannot plausibly allege exclusive control in this case in light of the factual allegations set forth in the [plaintiffs'] complaint." Id.

Finally, Bridgeport Hospital presents an argument that if the Court does not grant the motion for leave then the United States will have "essentially transmitted its liability to Bridgeport Hospital," because "even though the USA was the primary and proximate cause of the injuries to plaintiffs, Bridgeport Hospital may be liable to plaintiffs even if it is only a minor cause of plaintiffs' injuries." [Doc. #130 at 2-3]. To the extent that Bridgeport Hospital is concerned that a jury will impute any negligence committed by the United States to it, as the United States suggests, the remedy for this is jury

_____

records to Bridgeport Hospital, which it contended was the "primary cause" of the injuries for which plaintiffs now seek relief. Bridgeport Hospital further argued that it "did nothing wrong" with respect to the labor and delivery, and that had the United States transmitted Cyrus-Barker's prenatal records, Bridgeport Hospital would have performed a cesarean section. The basis of the United States' alleged obligation to transmit the prenatal records to Bridgeport Hospital is unclear. Plaintiffs' complaint does not explicitly allege that the United States was negligent in that regard, but instead alleges that the United States "failed to provide assistance to the physician who possessed the requisite knowledge, skill and experience to adequately and properly care for, treat, diagnose, monitor and supervise, [MMC], then in utero, and VONETTA CYRUS-BARKER, during her pregnancy[.]" [Doc. #1-2 at 3]. In any event, this argument does not change the Court's conclusion that Bridgeport Hospital cannot claim that the United States had exclusive control over the labor and delivery of MMC.

instructions, special interrogatories, persuasive opening and closing arguments, and appropriate motions in limine.[7]

Therefore, Bridgeport Hospital's motion for leave is futile as to the Indemnification claim, and is DENIED.

## B. Motion to Remand

In light of the Court's ruling on Bridgeport Hospital's motion for leave, at this time "it appears that the district court lacks subject matter jurisdiction," and therefore, "the case shall be remanded[]" back to state court. 555 Broad Street, 2015 WL 1445290, at *1 (quoting 28 U.S.C. §1447(c)). Accordingly, based on the case law above and the Court's other rulings stated herein, the Court GRANTS plaintiff's motion to remand.

## IV.  CONCLUSION

For the reasons stated, Bridgeport Hospital's motion for leave to file and serve a third-party complaint [Doc. #115] is **DENIED,** and plaintiffs' motion to remand to state court [Doc. #115] is **GRANTED.**

This matter is remanded to Connecticut State Superior Court.

---

[7] Additionally, even if the United States remained a party to this action, any claim against it would be tried to the Court and not to a jury. See 28 U.S.C. §2402 ("[A]ny action against the United States under section 1346 shall be tried by the court without a jury[.]").

This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [Doc. #49] on October 4, 2012, with appeal to the Court of Appeals.

SO ORDERED at New Haven, Connecticut this 2nd day of September, 2015.


_____
          /s/
**HON. SARAH A. L. MERRIAM**
**UNITED STATES MAGISTRATE JUDGE**